Nancy R. **HILLIARD,** for Owen S. **HILLIARD,** a minor, Petitioner,

v.

**SECRETARY OF THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 00–341V.

United States Court of Federal Claims.

Aug. 6, 2003.

Nancy R. Hilliard, Big Bear City, California, pro se.

Lisa A. Watts, Torts Branch, Civil Division, United States Department of Justice, Washington, D.C., for respondent.

## OPINION

HODGES, Judge.

Petitioner contends that Owen Hilliard's deafness resulted from a vaccination for measles, mumps, and rubella. She seeks compensation for her son's partial deafness under the National Childhood Vaccine Injury Act. The Special Master ruled that petitioner did not prove a causal link between Owen's second vaccination and the hearing loss in his left ear. We affirm the Special Master's ruling.

### I.

Owen Hilliard received his first measles, mumps, and rubella vaccination in June 1993. His second MMR vaccination was in June 1997, along with polio, DPT, and hepatitis B vaccinations. Owen's father first noticed a hearing problem in July 1997, forty-four days after the second MMR vaccination. Owen went to the doctor about his hearing twice in August 1997. The doctor referred him to a specialist for hearing tests. The specialist diagnosed Owen with sensorineural hearing loss on September 16.

The second MMR vaccination in June 1997 was part of a health screening program at Owen's school. The screening apparently included audiometric testing, but no report of a hearing test appears in the record. The school reported no abnormality in Owen's hearing. His father noticed six weeks later that Owen would switch the telephone receiver to the right side, and otherwise favor his right ear.

Petitioner sued under the National Childhood Vaccine Injury Act of 1986. 42 U.S.C. §§ 300aa–1 to –34. The Special Master conducted an evidentiary hearing in October 2002, and concluded that the second MMR vaccination could not have caused Owen's partial hearing loss. Petitioner appealed to this court on May 28 of this year.

### II.

The National Vaccine Injury Compensation Program is a no-fault system for individuals who have suffered injuries thought to be caused by vaccines. *See* 42 U.S.C. § 300aa–10. If a petitioner can show by a preponderance of the evidence that an injury occurred within the time established by the Vaccine Injury Table, the vaccine is presumed to have caused the injury. 42 U.S.C. § 300aa–14. The Special Master may then deny compensation only if a preponderance of the evidence shows that a specific factor other than the vaccine caused the injury. 42 U.S.C. § 300aa–13(a)(1).

If the injury did not occur within the time listed in the Vaccine Table, or is not on the Table, petitioner must prove causation in fact to obtain compensation. 42 U.S.C. § 300aa–11; *see Terran ex rel. Terran v. Secretary of Health and Human Servs.*, 195 F.3d 1302, 1307 (Fed.Cir.1999) (act provides two ways for claimant to receive compensation). The injury claimed here is not a part of the Vaccine Table, so petitioner must prove a causal connection between the MMR vaccine and Owen's loss of hearing in his left ear.

### III.

Dr. Edward O'Rourke was petitioner's expert witness at the evidentiary hearing. He stated that the mumps component of the measles, mumps, and rubella vaccine caused Owen's unilateral sensorineural hearing loss. However, he agreed with government experts that Owen's deafness would have occurred within six weeks after administration of the vaccine. Expert testimony was consistent that such a reaction would have been evident not later than one to four weeks after administration of the vaccine. Dr. O'Rourke concluded that Owen's hearing loss must have occurred sooner than anyone noticed. Two government experts testified that the cause of Owen's hearing loss cannot be medically determined. The Special Master relied on the Government's experts to deny petitioner's claim.

## DISCUSSION

This court will not set aside a Special Master's decision unless it was arbitrary and capricious, an abuse of discretion, or otherwise contrary to law. *See* 42 U.S.C. § 300aa–12(e)(2)(B). We consider petitioner's arguments under this limited power of review. Petitioner argues on appeal that

Owen's hearing loss occurred reasonably soon after his second MMR vaccination, and that the vaccine was the cause of his partial deafness. The Special Master relied improperly on the Government's expert witnesses, petitioner believes.

### A.

Petitioner states in her motions for review that her husband noticed Owen's hearing loss approximately three weeks after Owen's second MMR vaccination, on June 28, 1997. She reports that her husband noticed instances in which Owen would bend forward, and "slightly twist his upper body ...." He would tilt his "right ear towards the speaker, or sound source." This date does not appear in the record. We cannot consider an alleged earlier onset of deafness for the first time on appeal. *See* Vaccine Rule 8(f).

If we could consider this new evidence, petitioner's observations are inconsistent with other testimony from her and her husband. Petitioner testified during the hearing that neither she nor her husband, nor Owen's teachers noticed a problem with his hearing between June 9, 1997 and July 23, 1997. The record does not contain evidence that the injury occurred earlier than July 23. We agree with the Special Master that petitioner did not prove causation.

### B.

The Special Master may consider medical judgment and expert reports in the record, but such evidence is not binding. 42 U.S.C. § 300aa–13(b)(1); *see also Summar v. Secretary of Dep't of Health & Human Servs.*, 24 Cl.Ct. 440, 444–45 (1991) (special master need only provide a rational explanation for relying on a particular expert); *Mills v. Secretary of Dep't of Health & Human Servs.*, 27 Fed.Cl. 573, 578 (1993) (special master may reject expert testimony if the special master finds another expert to be more persuasive).

The Special Master relied on the Government's expert witnesses because of the "absence of proof that onset [of the hearing loss] was within the time limits both sides' experts described as necessary for biologic plausibility...." Op. at 16. Respondent's expert stated that medical literature does not support an association between hearing loss and a second MMR vaccination. Petitioner's expert witness, Dr. O'Rourke, acknowledged that medical literature describing hearing loss following an MMR vaccination focused on a strain of vaccine that is not administered in the United States.

The Special Master had the opportunity to evaluate the witnesses' demeanor, to judge their credibility, and to examine their qualifications. We may not substitute our judgment for that of the Special Master in this case. *See Johnson v. Secretary of Health and Human Servs.*, 33 Fed.Cl. 712, 725–726 (1995), *aff'd*, 99 F.3d 1160 (Fed.Cir.1996).

### CONCLUSION

The record did not provide proof, by a preponderance of the evidence or otherwise, that Owen's second MMR vaccination caused his deafness. The Special Master's decision was not arbitrary or capricious; it reflected properly the testimony and other evidence in the record. It was reasonable for the Special Master to rely on respondent's experts, whose credibility she considered superior to petitioner's. We see no reason in the record to question her judgment in this respect. The decision is AFFIRMED.